# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE PEREZ,** | : | **CIVIL ACTION NO. 1:04-CV-1944** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court is a motion by plaintiff, an inmate at a federal corrections institution, to enjoin officials of the United States Bureau of Prisons to return to him certain documents allegedly confiscated from his cell on October 20, 2004. Plaintiff asserts that these documents—declarations from other inmates, official responses to requests under the Freedom of Information Act,[1] prison grievances and administrative petitions, and legal notes and research—are essential to support his claims that prison officials negligently failed to provide him with necessary medical treatment for an asthma attack. (See Doc. 1).

The court conducted a lengthy hearing on the motion earlier today. Plaintiff appeared by videoconference, was permitted to call witnesses and introduce evidence in his behalf,[2] and was allowed to cross-examine witnesses offered by

---

[1] 5 U.S.C. § 552.

[2] Through a series of orders, the court asked plaintiff and defendant to identify individuals with information potentially relevant to plaintiff's allegations and directed that those individuals, all of whom were employed by the United States, be available to offer testimony at the hearing. (Docs. 49, 56, 60, 61).

defendant. Based on the evidence presented during this proceeding, the court concludes that plaintiff's claims of improper confiscation are without merit and will deny the motion for injunctive relief.[3]

The court credits the testimony of prison officials who testified to the "mass shakedown" conducted in the corrections facility on October 20, 2004. The purpose of the shakedown was to retrieve laundry materials improperly retained by inmates and to return these materials to the laundry department for recirculation. All of the inmates, including plaintiff, were escorted out of the facility, and prison officials conducted a search of each cell. They removed towels, sheets, clothing, and similar prison-issued laundry materials. Other contraband discovered by officials during the shakedown was confiscated, recorded in a log book, and placed in storage pending an inmate's request for return of the property.

Prison officials did not confiscate any documents from plaintiff's cell on October 20, 2004. They searched the area, removed prison-issued laundry materials, and then proceeded to other sections of the facility. Log books confirm that no personal articles or documents were seized from plaintiff's cell.[4]

---

[3] Although plaintiff filed a brief in support of a motion for injunctive relief (Doc. 38), it does not appear from the record that the motion itself was filed. Notwithstanding this procedural irregularity, the court will construe the brief as a properly filed motion and rule accordingly. See FED. R. CIV. P. 1.

[4] Several days after the "shakedown," plaintiff told a corrections officer that certain legal documents from his cell were missing. The officer reviewed logs of confiscated materials and examined property storage areas but found no record of documents removed from plaintiff's cell.

All of the testimony by prison officials and all prison records support this conclusion.  The *only* evidence that any documents were confiscated from plaintiff's cell comes from plaintiff himself, and he could testify only that the documents were present when he was ordered out of his cell but were gone when he returned.  These bare assertions are simply inadequate to raise an inference of official misconduct.

Moreover, it does not appear that the loss of these documents could prejudice plaintiff's ability to prosecute his claims of negligence, brought pursuant to the Federal Tort Claims Act, see 28 U.S.C. §§ 2671-2680.[5]  Most of the documents either have or can be replaced through additional legal research and discovery requests.  The only documents that cannot be easily duplicated are two declarations from other inmates at the corrections institution.  However, these inmates do not have personal knowledge of the circumstances surrounding plaintiff's alleged injuries and their testimony would be of questionable relevance.  And, to the extent that plaintiff believes that such testimony would advance his claims, he may submit his recollection of their statements to the court through affidavit or testimony, relying on a potentially applicable hearsay exception.[6]

---

[5] Cf. Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (explaining "actual injury" requirement of a claim of denial of access to the courts).

[6] See, e.g., FED. R. EVID. 807; see also Petruzzi's IGA Supermarkets, Inc. v. Darling-Del. Co., 998 F.2d 1224, 1234 n.9 (3d Cir. 1993) (noting that evidence should be excluded from summary judgment record only when it is not "capable of being admissible at trial").

3

Nevertheless, to ameliorate any possible prejudice to plaintiff from the alleged loss of these documents, the court will grant plaintiff an additional period in which to prepare and submit materials in opposition to the pending motion for summary judgment.  See FED. R. CIV. P. 56(f).  Counsel for defendant has also represented to the court that he will make reasonable efforts to locate the inmates identified by plaintiff and make them available for discovery.[7]  With these measures, plaintiff will be assured of a full and fair opportunity to prosecute his claims.

An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        April 28, 2005

---

[7] Several related motions may be disposed of summarily.  Plaintiff requested a continuance of summary judgment proceedings in a separate motion (Doc. 28), which will be granted.  Two pending discovery motions, one by defendant for a protective order (Doc. 25) and one by plaintiff to compel discovery (Doc. 36), will be denied without prejudice in light of this opinion.  Finally, defendant's motion for an enlargement of time (Doc. 42) to respond to plaintiff's motion for injunctive relief will be denied as moot, as defendant has since filed and the court has considered its brief in opposition to the motion (Doc. 43).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIKE PEREZ,** | : | **CIVIL ACTION NO. 1:04-CV-1944** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

### **ORDER**

AND NOW, this 28th day of April, 2005, upon consideration of plaintiff's motion for injunctive relief (Doc. 38), plaintiff's motion to stay summary judgment pending discovery (Doc. 28), plaintiff's motion to compel discovery (Doc. 36), defendant's motion for a protective order (Doc. 25), and defendant's motion for an enlargement of time (Doc. 42), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for injunctive relief (Doc. 38) is DENIED.

2. The motion to stay summary judgment pending discovery (Doc. 28) is GRANTED as follows:

    a. Discovery shall be completed on or before July 1, 2005.

    b. Plaintiff shall file a brief in opposition to the motion for summary judgment (Doc. 22), accompanied by supporting exhibits and a responsive statement of material facts, on or before July 15, 2005.

3. The motion to compel discovery (Doc. 36) is DENIED without prejudice.

4. The motion for a protective order (Doc. 25) is DENIED without prejudice.

5. The motion for an enlargement of time (Doc. 42) is DENIED as moot.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge