**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIKE PEREZ,** | : | **CIVIL ACTION NO. 1:04-CV-1944** |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is defendants' motion for summary judgment.

(Doc. 22).  Plaintiff, Mike Perez ("Perez") brought this action pursuant to the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that "defendant

committed negligence, and provided substandard medical care by not treating

plaintiff for a severe asthma attack."  (Doc. 125, p. 1).  He alleges that "[a]s a direct

and proximate result of defendant's negligence plaintiff suffered and will continue

to suffer pain and suffering, nightmares, frightening dreams, humiliation, future

medical costs, and such other damages. . . ."  (Doc. 1, p. 6).  For the reasons set forth

below, defendant's motion will be granted.

I.     <u>Statement of Facts</u>

Perez has a history of asthma.  (Declaration of Edgardo Ong, Doc. 23-3, p. 25,

¶ 4).  He is treated with an Albuterol inhaler and Montelukast tablets.  (<u>Id</u>.).  He has

been provided with a continuous refill of asthma medications in case of an acute

asthma attack.  <u>Id</u>. at ¶ 10).

On August 16, 2003, Perez, who was housed in the Special Housing Unit ("SHU) at the Federal Correctional Institution at Schuylkill with one other cellmate, was having difficulty breathing because it was hot in the cell.  (Doc. 114-2, p. 43-44).  At approximately 2:30 a.m., Perez contends that, on two separate occasions, he informed Officer Rhodes and an unknown correctional officer of his breathing difficulties.  (Id.)  Officer James L. Seidel ("Seidel") and Lieutenant Judy Poling ("Poling") indicate that at approximately 2:30 a.m. Perez complained to them that he was having difficulty breathing.  (Declaration of James L. Seidel, Doc. 23-2, p. 5, ¶ 13, Doc. 114-2, pp. 43-44).  Although there were no outward signs of distress, Poling asked Perez if he would feel better if he were placed in the shower for a while.  (Declaration of Judy Poling, Doc. 23-3, p. 4, ¶ 9).  According to Seidel and Poling, Perez agreed and was restrained and escorted from his cell to the shower. The restraints were removed and he was provided with a chair on which to sit. (Doc. 23-2, p. 6, ¶ 15, Doc. 23-3, p. 4, ¶ 10).   Perez disputes that he was provided with a chair.  (Doc. 114-2, p. 53).

All SHU inmates are visually checked every thirty minutes for both security and medical reasons.  (Declaration of Angelo Jordan, Doc. 23-3, p. 9, ¶ 7).  Plaintiff contends that, while in the shower, Officer Rhodes checked on him at times.  (Doc. 114-2, p. 54).  Poling subsequently observed Perez in the shower and it appeared that he was breathing well.  Troy Smeltz, an Upholstery Worker Supervisor who was assisting in escorting inmates to the SHU, also observed Perez while he was sitting in a seat in the shower and there was no indication that he was having

2

difficulty breathing.  (Declaration of Troy Smeltz, Doc. 23-2, p. 13, ¶¶ 10, 11).   At

approximately 3:30 a.m. or 4:00 a.m., Seidel approached Perez and inquired as to

how he was feeling.  (Doc. 23-2, p. 6, ¶¶ 16, 17).  Perez indicated that he was feeling

much better.  (Id. at ¶ 17).  However, upon learning that there would be three

inmates in his cell, including him, he refused to return to the cell.[1]  (Doc. 114-2, pp.

56-57).  He claims he refused Officer Rhodes and two unknown officers.  Seidel

reported the problem to Poling.  (Doc. 23-2, p. 7, ¶ 20, Doc. 23-3, p. 5, ¶ 13).  Poling

requested that Seidel directly order Perez to return to his cell.  (Id.).  Perez

returned to his cell without incident.  (Doc. 23-2, p. 7, ¶ 21, Doc. 23-3, p. 5, ¶ 14).

It is his contention that throughout the ordeal, he was continuously denied

medical treatment.  The physician's assistant who was on duty later that morning

made his rounds at approximately 10:00 a.m.  (Declaration of Dave Steffan, Doc. 23-

3, p. 21, ¶ 5).  He does not recall any interaction with Perez on August 16, 2003.  (Id.

at ¶ 7).  Further, his review of plaintiff's medical record reveals that there were no

remarkable events concerning plaintiff on August 16, 2003.  Nor is there any

indication in the medical records that he sought medical attention following the

incident.  (Doc. 23-3, p. 25, ¶¶ 8-10).

Perez claims that as a result of the incident he suffers from "dreams" and

that he continues to get asthma symptoms and it "brings [him] back to what

---

[1]In the late night hours of August 15, 2003, a disturbance erupted on Unit III-B.  (Doc. 23-2, p. 4, ¶¶ 5-7).  Five inmates tested positive for the use of intoxicants and were escorted to the SHU.  Because the SHU was full, it was necessary to place three inmates in each cell. (Id. at p. 6, ¶ 17).

happened August 16th." (Doc. 114-2, p. 64).   He suffered, "and continues to suffer

pain and suffering humiliation, embarrassment, nightmares and frightening

dreams." (Doc 130, p. 4).

## II.    Standard of Review

"Summary judgment serves as a minimal but important hurdle for litigants

to overcome before presenting a claim to a jury." Pappas v. City of Lebanon, 331 F.

Supp. 2d 311, 314 (M.D. Pa. 2004).  Faced with such a motion, the adverse party

must produce affirmative evidence, beyond the disputed allegations of the

pleadings, in support of the claim.   FED. R. CIV. P. 56(e); see Celotex Corp. v.

Catrett, 477 U.S. 317, 322-23 (1986); Corneal v. Jackson Township, 313 F. Supp. 2d

457, 464 (M.D. Pa. 2003), aff'd, 94 Fed. Appx. 76 (3d Cir. 2004).  "Such affirmative

evidence--regardless of whether it is direct or circumstantial--must amount to more

than a scintilla, but may amount to less (in the evaluation of the court) than a

preponderance." Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001)

(quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989).

 Only if this burden is met can the cause of action proceed. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. V. Zenith Radio

Corp., 475 U.S. 574, 587-89 (1986); see FED. R. CIV. P.  56(c), (e).

## III.    Discussion

The Federal Tort Claims Act confers on district courts subject matter

jurisdiction over negligence actions against the United States.  It provides, in

relevant part, that "the district courts . . . shall have exclusive jurisdiction of civil

actions on claims against the United States, for money damages . . . caused by the

negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment, under circumstances where the

United States, if a private person, would be liable to the claimant in accordance

with the law of the place where the act or omission occurred."   See 28 U.S.C . §

1346(b)(1).

Defendant argues that because Perez points to no medical record or

otherwise demonstrates that he suffered physical injury because of the alleged

asthma attack, he cannot bring a claim for mental or emotional damages.  (Doc. 129,

p. 4 (citing 28 U.S.C. § 1346(b)(2)).  The Court agrees.

The FTCA prohibits an inmate from filing suit against the United States for

mental or emotional injury absent a prior showing of physical injury.  28 U.S.C.

§1346(b)(2).  Indeed, §1346(b)(2) provides that:

> No person convicted of a felony who is incarcerated while awaiting
> sentencing or while serving a sentence may bring a civil action
> against the United States or an agency, officer, or employee of the
> Government, for mental or emotional injury suffered while in
> custody without a prior showing of physical injury.

28 U.S.C. §1346(b)(2); see also, 42 U.S.C. § 1997e(e) ("No federal civil action may be

brought by a prisoner confined in a jail, prison, or other correctional facility, for

mental or emotional injury suffered while in custody without a prior showing of

physical injury.").

Perez does not allege that he suffered any physical injury.  In fact, in his supplemental response, he states that "as a consequence, he suffers nightmares and frightening dreams."  (Doc. 128, p. 3).  Further, at his deposition, he testified that his "dreams" are his injuries.  Because he cannot establish a prior physical injury, he is barred from seeking damages for emotional or mental distress.  Consequently, defendant's motion for summary judgment will be granted.

An appropriate order will issue.

                        S/ Christopher C. Conner
                        CHRISTOPHER C. CONNER
                        United States District Judge

Dated:        September 7, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIKE PEREZ,** | : | **CIVIL ACTION NO. 1:04-CV-1944** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 7th day of September, 2006, upon consideration of

defendant's motion for summary judgment (Doc. 22), it is hereby ORDERED that:

1.   The motion is GRANTED.

2.   The Clerk of Court is directed to ENTER judgment in favor of
     defendant and against plaintiff.

3.   The Clerk of Court is further directed to CLOSE this case.

4.   Any appeal from this order is DEEMED frivolous and not in good faith.
     <u>See</u> 28 U.S.C. § 1915(a)(3).


       <u>S/ Christopher C. Conner</u>
CHRISTOPHER C. CONNER
United States District Judge