IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIKE PEREZ,** | : | **CIVIL ACTION NO. 1:04-CV-1944** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 22). Plaintiff Mike Perez ("Perez") brought this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that "defendant committed negligence, and provided substandard medical care by not treating plaintiff for a severe asthma attack." (Doc. 125, p. 1). Defendant was originally granted summary judgment on September 7, 2006, based upon Perez' failure to demonstrate a showing of physical injury in accordance with 28 U.S.C. § 1346(b)(2). (Doc. 133.) That judgment has since been vacated by the United States Court of Appeals for the Third Circuit and remanded for consideration of whether Perez' showing of physical injuries immediately following his asthma attack is sufficient to meet the statutory criteria of 28 U.S.C. § 1346(b)(2) and 42 U.S.C. § 1997e(e). (Doc. 153-2, at 5.)

For the reasons set forth below, the Court concludes that while the immediate physical effects from the asthma attack constitute a prior showing of physical injuries, defendant is still entitled to an entry of summary judgment because the injuries are *de minimis*.

## I. **Standard of Review**

"Summary judgment serves as a minimal but important hurdle for litigants to overcome before presenting a claim to a jury." Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 314 (M.D. Pa. 2004). Faced with such a motion, the adverse party must produce affirmative evidence, beyond the disputed allegations of the pleadings, in support of the claim. FED. R. CIV. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Corneal v. Jackson Township, 313 F. Supp. 2d 457, 464 (M.D. Pa. 2003), aff'd, 94 Fed. Appx. 76 (3d Cir. 2004). "Such affirmative evidence-- regardless of whether it is direct or circumstantial--must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001) (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989). Only if this burden is met can the cause of action proceed. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see FED. R. CIV. P. 56(c), (e).

**II.     Discussion**

The Federal Tort Claims Act confers on district courts subject matter jurisdiction over negligence actions against the United States. It provides, in relevant part, that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C . § 1346(b)(1).

This Court, in evaluating Perez' claim, concluded that because he only alleged that "as a consequence [of the denial of medical treatment for an asthma attack] he suffers nightmares and frightening dreams," his action was barred by 28 U.S.C. §1346(b)(2). That section provides as follows:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. §1346(b)(2); see also, 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"). (Doc. 133, at 5-6.) Perez pursued an appeal. On March 28, 2008,

3

the United States Court of Appeals for the Third Circuit issued an opinion stating as follows:

> While the United States is correct that Perez claims only damages for mental or emotional distress, it is wrong that Perez never identified other physical injuries that occurred as a result of the alleged asthma attack. At the deposition, Perez stated that he was dizzy, weak, nauseous, and had a headache immediately after the attack, and the he had back pain from coughing for a couple of days. (See Plaintiff's Opposition to Motion for Summary Judgment, attached as Exhibit 1, at p. 53-54.) Just because Perez is not claiming damages specifically from those physical injuries does not mean that his allegations of them cannot be considered as a showing of a physical injury for the purposes of the statute. See 28 U.S.C. § 1346(b)(2).

(Doc. 153-2, at 4.) The appellate court then vacated the judgment and remanded the matter to assess whether Perez' showing of physical injuries of dizziness, headaches, weakness, back pain, and nausea immediately following the asthma attack, is sufficient to meet the statutory criteria of 28 U.S.C. § 1346(b)(2) and 42 U.S.C. § 1997e(e). (Doc. 153-2, at 5.)

These sections predicate a prisoner's claim for mental or emotional injury suffered while in custody on a showing of accompanying physical injury. Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). The "physical injury" requirement may be satisfied by a "less-than-significant-but-more-than- *de minimis* physical injury as a predicate to allegations of emotional injury." Id. at 534. The Third Circuit's decision in Mitchell v. Horn is in accord with the Fifth, Eleventh, and Ninth Circuit's interpretations of "physical injury" in the context of Section 1997e(e). See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), vacated and reh'g *en banc* granted, 197 F.3d 1059 (11th

Cir. 1999), reinstated in part on reh'g, 216 F.3d 970 (11th Cir. 2000)(*en banc*); Oliver v. Keller, 289 F.3d 623, 627-28 (9th Cir. 2002).  Here, the Court finds that Perez is unable to overcome the 28 U.S.C. § 1346(b)(2) "physical injury" requirement because his dizziness, headaches, weakness, back pain, and nausea, all of which were temporary in nature and did not require medical attention, are considered *de minimis* for purposes of the FTCA's physical injury requirement.   See Siglar, 112 F.3d at 193 (finding that a bruised ear lasting for three days did not constitute a physical injury);  Clifton v. Eubank, 418 F. Supp. 2d 1243, 1248 (D.Colo. 2006) (finding that courts have not held that *de minimis* injuries, where the plaintiff fails to allege lasting, detrimental side effects, or heightened or prolonged physical pain, constitute a physical injury); Canell v. Multnomah County, 141 F. Supp. 2d 1046 (D.Or. 2001) (finding toe fungus insufficient); Sarro v. Essex Corr. Facility, 84 F. Supp.2d 175 (D.Mass. 2000) (holding that inmate not "breathing normally" insufficient); Luong v. Hatt, 979 F. Supp. 481, 486 (N.D.Tex. 1997) (holding that sore muscles, scratches, abrasions and bruises do not constitute a "physical injury" within meaning of § 1997(e)); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997) (finding that exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).  Thus, Perez' injuries do not meet the § 1346(b)(2) threshold and defendant is entitled to an entry of summary judgment,

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     May 30, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIKE PEREZ**, | : | **CIVIL ACTION NO. 1:04-CV-1944** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA**, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 30th day of May, 2008, upon consideration of defendant's motion for summary judgment (Doc. 22), it is hereby ORDERED that:

1. Defendant's motion (Doc. 22) is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of defendant and against plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge